FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JUN 17 PM 3: 13

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| EBSCO INDUSTRIES, INC., ET AL., | } } } | |
| Plaintiffs | } } } | CIVIL ACTION NO. |
| vs. | } } } | 97-AR-1183-S |
| CHARLES J. PIAZZA, JR., | } } } | |
| Defendant | } | |

ENTERED

JUN 17 1997

**MEMORANDUM OPINION**

The court has for consideration a motion to dismiss the above-entitled action in which Ebsco Industries, Inc., Elton B. Stephens, Elton B. Stephens, Jr., James T. Stephens, Jane S. Comer, Dell Brooke, F. Dixon Brooke, Patrick R. Sisbarro, and Richard L. Bozzelli are plaintiffs, Coopers & Lybrand, L.L.P. is intervenor-plaintiff, and Charles J. Piazza, Jr. is defendant-movant.

Plaintiffs claim that jurisdiction exists in this court based on their invocation of the Declaratory Judgment Act, 28 U.S.C. § 2201, together with their allegation that a threatened but still unfiled state court complaint proposed by Piazza against plaintiffs is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), thus creating federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs claim to be, and undoubtedly are, ERISA fiducia-

1

ries. Piazza is a participant-beneficiary in the ERISA-governed pension plan administered by plaintiffs. Piazza's threatened complaint, if filed without change, may well be swallowed up by what this court has correctly described as "super-duper preemption," but when plaintiffs filed their present action for declaratory relief, taking the not inconsiderable chance that defendant would be entitled to a jury trial pursuant to a combination of Rule 57, F.R.Civ.P., and the rationale in *Stewart v. KHD Deutcsh of America Corp.*, 78 F.3d 1522 (11th Cir. 1996), they were apparently unaware of *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir. 1987), which has neither been overruled nor modified and which denies to ERISA fiduciaries access to federal courts for declaratory relief against participant-beneficiaries. Although distinguishable on its facts, the holdings in *Gulf Life* are right on point. Unmistakably applicable here, the Eleventh Circuit said in *Gulf Life*:

> But for the Declaratory Judgment Act, the only way this action could have arisen is as a suit by Arnold to collect the severance pay he claims he is due--a legal, not equitable, action. Thus, Gulf Life's declaratory judgment action was not a civil action seeking "equitable relief."
>
> It also is clear to us that Gulf Life's suit does not seek "to enforce" the sub-chapter or the terms of the plan. "The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties as to whom Congress presumably determined the right to enter federal court was necessary to further the statute's purposes." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21, 103. S. Ct. 2840, 2852, 7878 L.Ed.2d 420 (1983). Gulf Life's declaratory judgment action simply is unnecessary to further the statute's purpose. The purpose essential to section

1132(a)(3)(B) is to enforce the terms of the plan or ERISA; all Gulf Life need do to enforce the terms of the plan, assuming it contends the claim for benefits is invalid, is deny payment.

\* \* \*

A reading of the other subsections of section 1132 makes it even clearer that Congress did not intend ERISA fiduciaries to use declaratory judgment actions to determine the benefit rights of participants/beneficiaries. Section 1132 is essentially a standing provision: it sets forth those parties who may bring civil actions under ERISA and specifies the types of actions each of those parties may pursue. These standing provisions must be construed narrowly; <u>civil actions under ERISA are limited only to those parties and actions Congress specifically enumerated in section 1132</u>.

(citations omitted) (emphasis supplied).

Congress stated in section 1132(a)(1) that a participant or beneficiary could bring a civil suit not only to recover benefits, but also "to clarify his rights to future benefits under the plan." 29 U.S.C.A. sec. 1132(a)(1)(B). Obviously, this section expressly acknowledges the right of participants/beneficiaries to seek a declaratory judgment; just as obviously, fiduciaries are omitted as parties that can bring such an action regarding benefits. This omission is significant.

Under Gulf Life's view, participants, beneficiaries *and* fiduciaries could bring a suit for declaratory judgment under section 1132(a)(3) to clarify a participant's/beneficiary's rights to benefits. That interpretation would usurp the language of section 1132(a)(1)--in which Congress limited such actions solely to participants and beneficiaries--and thereby render section 1132(a)(1) meaningless, or at least redundant. Absent clear congressional intent to the contrary, we will assume the legislature did not intend to pass vain or meaningless legislation.

\* \* \*

(citation omitted).

Were we to adopt Gulf Life's view, the sword that Congress intended participants/beneficiaries to wield in asserting their rights could instead be turned against those whom it was designed to aid.[7]

---

[7] For example, under Gulf Life's view of section 1132, if Gulf Life were

> headquartered in Guam it would be able to force Arnold to litigate his benefit plan rights in that forum. Although this states the case in its most extreme, it is not unusual for a national corporation to be headquartered in New York or in California. We believe that ERISA's legislative history unquestionably demonstrates that Congress did not intend to allow a fiduciary to force a plan participant/beneficiary who worked for a company for 30 years in Maine and who files a claim for benefits with that company, to be required to litigate his claim in Los Angeles.

*Id.* at p. 1523, 1524, 1525.

Plaintiffs here have implicitly denied defendant's claim through their Administrative Committee, although there may still be some administrative obstacles. Ebsco Industries is not in Guam, but in theory it could be. Thus, it and its co-fiduciaries cannot file a preemptive-preemption declaratory judgment action, although the controversy may very well end up in this court.

Under the procedural circumstances, defendant's motion to dismiss is due to be granted, but without prejudice. This will be done by separate order.

DONE this 17th day of June, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE